# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

CARL TICE                                                                        PETITIONER


v.                                         NO. 5:09CV00029 JLH/HDY


LARRY NORRIS, Director of the                                     RESPONDENT
Arkansas Department of Correction


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


        The following findings and recommendation have been sent to United States

District Judge J. Leon Holmes.  Any party may serve and file written objections to these

findings and recommendation.  Objections should be specific and should include the

factual or legal basis for the objection.  If the objection is to a factual finding,

specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the Office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings

and recommendation.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

STATE COURT PROCEEDINGS.   On August 12, 2003, a Pope County, Arkansas, Circuit Court jury convicted petitioner Carl Tice ("Tice") of three counts of rape and recommended that he be sentenced to three concurrent forty year terms of imprisonment in the custody of respondent Larry Norris ("Norris").  The trial court judge adopted the recommendation and sentenced Tice accordingly.

Tice appealed his convictions.   On appeal, he advanced two claims: (1) his motions for directed verdict were erroneously denied as there was "no proof that he raped anyone on the dates specified in the criminal information," and (2) it was error to give "one instruction for all three counts of rape rather than separate instructions for each individual count and [in] charging the rapes as a continuing offense."  See Tice v. State, 2004 WL 2900369 at 1 (Ark.App. December 15, 2004).   The Arkansas Court of Appeals found no reversible error, specifically finding the following: "We hold that the victim's testimony was substantial evidence, which justified the decision to deny [the] motions for directed verdict, and that the trial court [judge] did not err when [he] issued a single jury instruction covering the three counts of rape.  We do not address [Tice's] claim that the State charged him with committing a single offense for reasons stated in our opinion."  See Id.[1]  On January 4, 2005, the appellate court mandate was issued.

---

[1]

His claim that the State charged him with committing a single offense was not addressed because he did not object and because he failed to show how he was prejudiced.

On February 7, 2005, Tice filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.  He obtained no relief, and on October 25, 2005, an order denying his petition was entered on the trial court docket.

Tice appealed the denial of his petition.  On appeal, he challenged the lack of findings made by the trial court judge.  The Arkansas Supreme Court found that the findings made by the trial court judge were indeed inadequate, and on November 16, 2006, reversed and remanded.

On March 12, 2007, after the case was remanded, Tice filed an amended petition for post-conviction pursuant to Arkansas Rule of Criminal Procedure 37.  He obtained no relief, and on March 29, 2007, the trial court judge denied the amended petition.

Tice appealed the denial of his amended petition.  The state Supreme Court affirmed the denial of the amended petition but did so on a procedural ground, that being, he failed to verify his amended petition.[2]  On February 20, 2008, the appellate court mandate was issued.

---

[2]

The state Supreme Court specifically found the following:

Rule 37.1(d) provides the form of affidavit, to be sworn before a notary or other official authorized to administer oaths, required to appear on the petition.  Here, [Tice] signed the amended petition and his signature was notarized, but without any affidavit confirming the oath that was sworn.  As no affidavit in substantially the form provided in Rule 37.1(d) appeared on the amended petition, the verification and the amended petition were deficient.  …  The trial court could not consider the issues in the amended petition.  …  The trial court therefore correctly denied postconviction relief on all grounds set out in the amended petition.

See Tice v. State, 2008 WL 256586 at 2 (Ark.S.Ct. January 31, 2008).

On September 9, 2008, Tice filed a request with the state Supreme Court seeking permission to file a trial court petition for a writ of <u>error</u> <u>coram</u> <u>nobis</u>. In the request, he maintained that the victim had made prior inconsistent statements about the rapes. On December 11, 2008, the state Supreme Court denied Tice's request because "[he did] not specifically state that the prosecution withheld evidence of the [victim's prior inconsistent] statements [about the rapes], and, although [Tice] asserts that he only recently became aware of the statements, he does not allege [that] trial counsel was unaware of the statements." See <u>Tice v. State</u>, 2008 WL 5191920 at 2 (Ark.S.Ct. December 11, 2008). The state Supreme Court also denied his request because he could not show due diligence.[3]

---

[3]

With regard to due diligence, the state Supreme Court found the following:

    … [Tice] does not demonstrate the due diligence required for a writ of error coram nobis to issue. While there is no specific time limit for seeking a writ of error coram nobis on certain grounds, due diligence is required in making an application for relief, and in the absence of a valid excuse for delay, the petition will be denied. <u>Echols v. State</u>, 354 Ark. 414, 125 S.W .3d 153 (2003). Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; or (3) upon discovering the fact, the defendant did not delay bringing the petition. <u>Id</u>. at 419, 125 S.W.3d 157.

    Here, [Tice] raised allegations concerning this claim in his original petition for Rule 37.1 relief. It appears from the record lodged in this court for [his] Rule 37.1 proceedings that [he] was aware of the facts he asserts here as grounds for error coram nobis relief in 2005, more than three years before this petition was filed. [Tice] does not indicate when or how he became aware of the previous inconsistent statements, but even from his allegations in the petition, it appears likely that [he] was aware of the previous inconsistent statements at the time they were made. Because [he] has not shown due diligence in seeking error coram nobis relief, his petition is denied.

See <u>Tice v. State</u>, 2008 WL 5191920 at 2.

FEDERAL COURT PROCEEDINGS.   Tice commenced the proceeding at bar on January 25, 2009, by placing the pending petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in the prison mail system.   In the petition, he advanced sixteen claims.

Norris filed a response to the petition.   He first maintained that it is barred by limitations.  He also maintained that the claims do not warrant relief because, inter alia, (1) they are procedurally barred from federal court review; or (2) were adjudicated on the merits by the state courts, and the federal courts must defer to that adjudication.

At the behest of the undersigned, Tice filed a reply.   A brief summary of his voluminous reply is extremely difficult.  It is sufficient to simply note that he disagreed with the assertions advanced by Norris.

The undersigned has now reviewed the parties' submissions.   In light of that review, the undersigned makes the following findings and recommendation.

LIMITATIONS.   Norris maintains that Tice's petition is barred by limitations.   A state prisoner has one year during which he must commence a proceeding pursuant to 28 U.S.C. 2254.  If he fails to commence it within that year, it is forever barred.   28 U.S.C. 2244(d) identifies the events that trigger the commencement of the one year period, which in this instance was undoubtedly the "expiration of the time for seeking [direct review]."   See 28 U.S.C. 2244(d)(1)(A).  28 U.S.C. 2244(d) also provides for the tolling of the one year period for the time during which a "properly filed" petition for post-conviction relief or other collateral review is pending.   See 28 U.S.C. 2244(d)(2).

The application of 28 U.S.C. 2244(d) to the state court proceedings outlined above is not easy. It involves at least two demanding determinations: first, determining when the time for seeking direct review expired and the limitations "clock" therefore commenced;[4] and second, determining the length of time the limitations "clock" was tolled during the pendency of Tice's collateral attack on his convictions, specifically, determining whether his petition for post-conviction relief was ever not "properly filed" as a result of his amended petition not being verified."[5]  Rather than attempt those determinations, the undersigned will simply by-pass Norris' assertion of limitations and instead consider his assertion of procedural bar.

---

[4]

With regard to that issue, the time for seeking direct review expired, and the limitations "clock" therefore commenced, either on the day after the appellate court mandate on direct appeal was issued or, alternatively, after the expiration of the ninety day period for filing a petition for writ of certiorari with the United States Supreme Court. The resolution of that issue can sometimes be rather involved.  See Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008), abrogating a portion of Nichols v. Bowersox, 172 F.3d 1068 (1999) (because defendant's direct appeal concluded at state intermediate court and he never sought review by Missouri Supreme Court, United States Supreme Court could not have reviewed his appeal and the ninety day period for seeking a writ of certiorari did not toll the one year limitations period); Williams v. Bruton, 299 F.3d 981 (8th Cir. 2002) (if defendant seeks review by state Supreme Court–whether granted or denied–the ninety day period for seeking a writ of certiorari tolls the one year limitations period); Ben-Yah v. Norris, 570 F.Supp.2d 1086 (E.D.Ark. 2008) (because defendant's direct appeal concluded at state intermediate court and he never sought review by Arkansas Supreme Court, United States Supreme Court could not have reviewed his appeal and the ninety day period for seeking a writ of certiorari did not toll the one year limitations period.  But see Collier v. Norris, 402 F.Supp.2d 1026 (E.D.Ark. 2005) (although defendant's direct appeal concluded at state intermediate court, he was precluded from obtaining additional review from Arkansas Supreme Court and, as a result, Arkansas Court of Appeals was deemed highest court of Arkansas and one from which he could have sought a writ of certiorari; the ninety day period for doing so therefore tolled the one year limitations period).

[5]

With regard to that issue, Norris appears to take the following position: (1) Tice's petition for post-conviction relief was "properly filed" on February 7, 2005; (2) it continued to be "properly filed" until he filed his amended petition on March 12, 2007; (3) because the amended petition was not verified, it was a nullity and was not "properly filed" as of the day it was filed; and (4) the limitations "clock" stopped being tolled on March 12, 2007.  The undersigned is not prepared at this time to adopt Norris' position.

PROCEDURAL BAR.  In <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977), the United States Supreme Court determined that a federal court should not consider the merits of a petitioner's habeas corpus claim if he procedurally defaulted in litigating the claim, that is, if he was aware of the claim but did not present it to the state courts in accordance with the state's procedural rules.  The foregoing rule includes the requirement that he prosecute an appeal of an adverse ruling to the highest court in the state.  <u>See</u> <u>O'Rourke v. Endell</u>, 153 F.3d 560 (8th Cir. 1998); <u>Williamson v. Jones</u>, 936 F.2d 1000 (8th Cir. 1991). An exception to the foregoing rule permits the claim to be considered if he can show cause and prejudice for his procedural default.[6]

Tice filed the petition at bar and advanced sixteen claims.  In the typical procedural bar analysis, the undersigned would identify the claims in the petition and then determine whether they were properly presented to the state courts.  In this instance, however, the undersigned will begin by identifying the claims Tice properly presented to the state courts of Arkansas and then determine whether he raised them in the petition at bar.

---

[6]

With respect to cause, the United States Supreme Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause."  <u>See</u> <u>Smith v. Murray</u>, 477 U.S. 527, 533-34 (1986).  One can discern from other decisions, though, instances in which cause might be found; those instance include the following: where some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules, <u>see</u> <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, <u>see</u> <u>Reed v. Ross</u>, 468 U.S. 1 (1984); or, if effective assistance of counsel was not afforded, <u>see</u> <u>Murray v. Carrier</u>, 477 U.S. at 488.  There is also one extraordinary circumstance where a federal court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  <u>See</u> <u>Id</u>. at 496.

In the context of the direct appeal of Tice's convictions, the state Court of Appeals considered two claims on the merits: (1) a challenge to the sufficiency of the evidence on the ground that there was "no proof that he raped anyone on the dates specified in the criminal information," see Tice v. State, 2004 WL 2900369 at 1; and (2) a challenge to the manner in which the jury was instructed.  A third claim–the State charged Tice with committing a single offense–was not considered on the merits.

In the context of the appeals of Tice's petition and amended petitions for post-conviction relief, the state Supreme Court did not consider a single claim on the merits. The denial of his initial petition was reversed but only because the findings made by the trial court judge were inadequate; the denial of his amended petition was affirmed but on a procedural ground, i.e., he failed to verify his amended petition.

In the context of Tice's request for permission to file a trial court petition for a writ of error coram nobis, the state Supreme Court considered a single claim on the merits, i.e., a claim that the victim made prior inconsistent statements about the rapes. The state Supreme Court did so, however, in alternative findings: finding first that the claim had no merit, then alternatively finding that he could not show due diligence.  The undersigned will not veer off into attempting to determine whether an alternative finding constitutes the consideration of a claim on the merits or whether it constitutes the rejection of a claim on a procedural ground.  The undersigned simply assumes that the claim was considered on the merits.

Given the foregoing, the undersigned finds that Tice properly presented only three claims to the state courts of Arkansas. The claims are as follows: (1) a challenge to the sufficiency of the evidence on the ground that there was "no proof that he raped anyone on the dates specified in the criminal information," see Tice v. State, 2004 WL 2900369 at 1; (2) a challenge to the manner in which the jury was instructed, and (3) an assertion that the victim made prior inconsistent statements about the rapes.

Were the foregoing three claims raised in the petition at bar? According Tice's pro se petition a liberal construction, the undersigned finds that he raised only one of the three claims in this petition, i.e., his challenge to the sufficiency of the evidence, identified by Norris as claim eleven.[7] Tice clearly did not raise in this petition a challenge to the manner in which the jury was instructed, which he had earlier raised in the context of his direct appeal. With regard to the third claim, i.e., an assertion that the victim made prior inconsistent statements about the rapes, the matter is a bit more complicated.

---

[7]

The undersigned acknowledges that it is a close call as to whether Tice raised the same sufficiency of the evidence claim in both state and federal courts. In the context of the direct appeal of his convictions, he challenged the sufficiency of the evidence on the ground that there was "no proof that he raped anyone on the dates specified in the criminal information." See Tice v. State, 2004 WL 2900369 at 1. As proof of that fact, the state Court of Appeals saw no need to go into the details of the victim's testimony because "the sufficiency challenge goes to the dates of the alleged rapes only." See Id. at 2, footnote 2. In the petition at bar, Tice challenged the sufficiency of the evidence on the ground that the victim never specifically testified that Tice committed the acts charged in the information. See Document 2 at 49-51. According his pro se petition a liberal construction, and cautioning on the side of considering the claim, the undersigned finds that the claims are virtually the same claim and will therefore be considered.

In <u>Picard v. Conner</u>, 404 U.S. 270 (1971), the United States Supreme Court determined that in order for a claim to have been properly presented to the state courts, the same facts and legal theories in support of the claim must be advanced in both state and federal court.  In that case, for example, "[t]he claim that an indictment is invalid is not the substantial equivalent of a claim that it results in an unconstitutional discrimination."  <u>See</u> <u>Id</u>. at 278.

In the context of Tice's request for permission to file a trial court petition for a writ of <u>error</u> <u>coram</u> <u>nobis</u>, he presented the claim that the victim made prior inconsistent statements about the rapes.  Such a claim goes to the victim's credibility, which is typically a matter exclusively for the jury to decide.  That claim was not raised in the petition at bar.  The most similar claim raised in the petition is one identified by Norris as claim nine, a claim in which Tice challenges the prosecution's failure to disclose a video tape recording of the victim's prior inconsistent statements about the rapes.  Such a claim is governed by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

The undersigned finds that the facts and legal theories of the two claims–the claim that the victim made prior inconsistent statements about the rapes and the claim that the prosecution failed to disclose a video tape recording of the victim's prior inconsistent statements about the rapes–are not the same claims as the former challenges the victim's credibility and the latter challenges the prosecution's conduct.  Thus, claim nine was not properly presented to the state courts of Arkansas.

Given the foregoing, the undersigned finds that only one of the sixteen claims at bar were properly presented to the state courts of Arkansas, i.e., Tice's challenge to the sufficiency of the evidence. The other fifteen claims were not properly presented to the state courts of Arkansas and will not be considered unless he can show cause and prejudice or actual innocence.

Tice filed a voluminous reply to Norris' response. In Tice's sixty page reply, which was accompanied by ninety-two pages of exhibits, he made several representations that can be liberally construed to be assertions of cause and/or actual innocence. He first maintains that an external, objective factor impeded his efforts to comply with the procedural rules of the State of Arkansas. Tice specifically maintains that he was incarcerated in a county jail during the period he was pursuing post-conviction relief and did not have access to a law library and/or legal materials. Accepting the truth of that assertion, he has failed to demonstrate how the lack of access to a law library and/or legal materials prevented him from verifying his amended petition for post-conviction relief. He surely knew that his amended petition required verification as he had verified his initial petition. He failed to verify his amended petition, and it was rejected by the state Supreme Court for that reason.[8] It cannot be said that his failure to verify the amended petition was because he lacked access to a law library and/or legal materials.

---

[8]

It appears to be undisputed that the verification requirement was firmly established, regularly followed, and readily ascertainable when it was applied to him.

Tice alternatively appears to maintain that his failure to comply with the procedural rules of the State of Arkansas should be excused because his attorney in the post-conviction proceeding provided ineffective assistance.  There are at least two problems with Tice's assertion.  First, ineffective assistance of counsel can serve as cause for a procedural default, but the assertion must first be presented to the state courts as an independent claim.  See Leggins v. Lockhart, 822 F.2d 764 (8th Cir. 1987).  Tice failed to properly present a claim of ineffective assistance of counsel to the state courts as an independent claim.  Second, there is no right to counsel in a post-conviction proceeding, and accordingly, no right to effective assistance of counsel in such a proceeding.  See Pollard v. Delo, 28 F.3d 887 (8th Cir. 1994).  As a result, his assertion of ineffective assistance of counsel cannot serve as cause for his procedural default.

Tice also appears to maintain that he is actually innocent.  Although not true cause for a procedural default, a showing of actual innocence can serve as a "gateway" through which a petitioner can obtain federal court review of otherwise barred claims.  See Schlup v. Delo, 513 U.S. 298 (1995).  See also Watts v. Norris, 356 F.3d 937 (8th Cir. 2004) (petitioner required to support allegation of constitutional error with new reliable evidence not presented at trial).  The undersigned is not convinced that Tice has made the showing required by Schlup v. Delo.  Specifically, he has not come forward with new reliable evidence of factual innocence.  Thus, he cannot use the Schlup v. Delo "gateway" to obtain judicial review of the procedurally defaulted claims.

-13-

Although Tice makes several other assertions, they do not excuse his procedural default.   Accordingly, the undersigned finds that Tice cannot show cause for his procedural default nor actual innocence.   Save his claim challenging the sufficiency of the evidence, the claims are procedurally barred from federal court review.

SUFFICIENCY OF THE EVIDENCE.   Tice challenges the sufficiency of the evidence on the ground that the victim never specifically testified that Tice committed the acts charged in the information.   The state Court of Appeals considered the claim on the merits, finding the following:

> We hold that the evidence was sufficient to support the conviction. At trial, [the victim] gave a detailed account of the rapes and their locations, two of which correspond to the dates her family lived in different residences of Weir Road.   The last rape occurred days before [the victim] spoke with a [Department of Human Services] investigator. Uncorroborated testimony of the victim in a rape case is substantial evidence and sufficient to support the verdicts.   [Citation omitted].

See Tice v. State, 2004 WL 2900369 at 3.[9]

---

[9]

The state Court of Appeals additionally found the following:

"[The victim] testified that she is the oldest of five siblings, and that the day [the DHS investigator] came to her house, she lived in either trailer 102 or 106.  Before then, she lived in the same trailer park in trailer 32.  She gave a description of what [Tice] would do to her and said that it happened while they lived in trailer 106.  [Footnote omitted]. She said that the same things happened while they were living in trailer 32. ..."

See Id. at 1.

The disposition of Tice's challenge to the sufficiency of the evidence is governed by 28 U.S.C. 2254(d), which requires a two-part inquiry. First, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Second, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

Having reviewed the trial transcript in this proceeding, the undersigned finds that the state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. The state Court of Appeals admittedly did not cite Jackson v. Virginia, 443 U.S. 307 (1979), the seminal United States Supreme Court decision on sufficiency of the evidence, but "[a] reasonable application of established federal law 'does not require citation of [United States Supreme Court] cases-indeed, it does not even require *awareness* of [the] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.'" See Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005) [quotations omitted; emphasis in original]. The state Court of Appeals did, however, correctly apply the essence of Jackson v. Virginia to the question of whether the evidence was sufficient to support Tice's convictions, and the state Court of Appeals did so in an objectively reasonable manner; neither the reasoning nor the result contradicts Jackson v. Virginia.

Tice has also not shown that the adjudication of the claim by the state Court of Appeals resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  The state Court of Appeals found that the victim gave a detailed account of the rapes, a fact confirmed by the trial transcript.  Thus, the state Court of Appeals could and did find the evidence sufficient to support his convictions.

Given the foregoing, the undersigned finds that Tice cannot overcome the barrier posed by 28 U.S.C. 2254(d).  There is no merit to his claim that the evidence was insufficient because the victim never specifically testified that Tice committed the acts charged in the information.

RECOMMENDATION.   For the foregoing reasons, the undersigned makes the following findings and recommendation:

(1) Tice cannot show cause for his procedural default of fifteen of the sixteen claims raised in the petition at bar, and he cannot use the Schlup v. Delo "gateway" to gain federal court review of the claims.  To the extent that he is seeking federal court review of those claims, they are procedurally barred from federal court review.  The only claim not barred is his challenge to the evidence supporting his convictions.

(2) With regard to the sufficiency of the evidence supporting Tice's convictions, he cannot overcome the barrier posed by 28 U.S.C. 2254(d).  The claim is therefore without merit.

(3) Tice's petition should be denied, this proceeding should be dismissed, and judgment should be entered for Norris.

DATED this ___28___ day of May, 2009.


_____
UNITED STATES MAGISTRATE JUDGE